### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **JERRY RAY SHEPHERD** | **CIVIL ACTION NO. 7:15-CV-100-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,** | |
| **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

\* \* \* \* \* \* \*

The plaintiff Jerry Ray Shepherd brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Shepherd's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Shepherd has not engaged in substantial gainful activity since June 1, 2012, the alleged onset date. (Administrative Record ("AR") at 23.)

At step two, the ALJ determined that Ridge suffers from the following severe impairments: lumbago and right shoulder articular cartilage disorder. (AR at 23.)

At step three, the ALJ found that Shepherd did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 24.)

Before proceeding to step four, the ALJ determined that Shepherd has the residual functional capacity (RFC) to perform "a limited range of medium work" as defined by 20 C.F.R. § 404.1567(c) as follows:

> [H]e can lift, carry, push and pull twenty five pounds frequently and fifty pounds occasionally; he can stand and walk for six hours in an eight hour day; he can sit for six hours in an eight hour day; he can frequently climb ramps and stairs, stoop, crouch and crawl; he can occasionally climb ladders, ropes, scaffolds; he should avoid concentrated exposure to extreme cold, humidity and vibrations; and he cannot use his upper right extremity to reach overhead.

(AR at 24.)

At step four, the ALJ found that Shepherd is unable to perform any past relevant work. (AR at 27.)

At step five, the ALJ determined that, considering the RFC described above and Shepherd's age, education, and work experience, he can perform jobs that exist in significant numbers in the national economy and, thus, he is not disabled. (AR at 27.)

## ANALYSIS

Shepherd argues that the ALJ failed to give adequate reasons for discounting the opinion of his treating physician, Dr. Scott Arnett, who opined that Shepherd had greater restrictions than provided for in the RFC. For example, Dr. Arnett determined that Shepherd could not work more than four hours a day; could stand and walk less than two hours a day; could sit no more than

three hours a day; was limited to lifting and carrying only five to ten pounds; and could never bend or stoop.

ALJs must give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). It is, however, "an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent [] with other substantial evidence in the case record." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *2 (July 2, 1996)).

An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Blakley*, 581 F.3d at 406–07 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5).

The ALJ gave good reasons for rejecting Dr. Arnett's opinion. She noted that the opinion was inconsistent with Dr. Arnett's own treatment notes which consistently indicated that Shepherd had no acute distress and that he had normal gait, strength, reflexes and sensation. (AR at 280, 312.) The ALJ also noted that there was no objective medical evidence to support Dr. Arnett's opinion that Shepherd could only occasionally lift with his left arm.

Further, the ALJ determined that Dr. Arnett's opinion was contrary to the weight of the other medical evidence in the record, including the opinions of the consultative examiner and state

3

agency consultants. Consultative examiner Dr. Dennis Williams examined Shepherd and determined that Shepherd has no limitations due to his back and shoulder pain. Dr. Williams found that Shepherd had the ability to sit, stand, move about, handle objects, and that he could lift or carry objects as tolerated. Dr. Williams noted that Shepherd did not appear to require a mobility-assisting device and that Shepherd's strength in the extremities was "5/5 throughout." (AR at 25.) Finally, the ALJ noted that, at the time that Shepherd filed for disability benefits, he also filed for unemployment benefits, holding himself out as "ready, willing, and able to work." (AR at 26.) These are good reasons for rejecting the treating physician's opinion.

Next, Shepherd argues that the ALJ erred in giving great weight to the opinions of the state agency consultants, Drs. P. Saranga and Colleen Ryan. The consultants are non-treating, non-examining medical sources. Shepherd argues that their opinions were not entitled to great weight because they did not have the opportunity to review Dr. Arnett's RFC and other medical records which were added to the record after the date of the consultants' opinions. There is, however, "no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Comm'r of Soc. Sec. Admin*., 405 F. App'x 997, 1002 (6th Cir. 2011). Nevertheless, the ALJ must provide some indication that she at least considered the added evidence "before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" *Blakely*, 581 F.3d at 409 (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir.2007).

As to Dr. Arnett's opinion, the ALJ noted that Shepherd submitted it after the hearing. Nevertheless, as discussed, the ALJ discussed it in the opinion and discounted it for the reasons stated. As to other medical records that were submitted after the consultants' opinions, Shepherd points to evidence that he was diagnosed with pneumoconiosis, hypertension, and insomnia. The

4

ALJ considered that evidence, however, and found it was not a severe limitation. Shepherd also points to evidence that he was diagnosed with malaise and fatigue and that he was sent for a "special screening for malignant neoplasm of prostrate." (AR at 297.) The ALJ does not mention malaise or fatigue in the opinion. Nevertheless, Shepherd points to no evidence that these conditions would alter the RFC. As to the screening for a malignant prostrate, Shepherd points to no evidence that he was ultimately diagnosed with a malignant prostrate. Assuming that he was, again, Shepherd points to no evidence that the condition would alter the RFC.

The ALJ recognized that the consultants did not have the opportunity to review some of the evidence submitted through the date of the hearing and clearly considered that evidence, finding that Shepherd did have limitations on his ability to raise his right arm overhead.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated March 29, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY